UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHRYN HANSILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-545-WTL-MJD |
| ) | |
| AMERICAN CANCER SOCIETY, ) | |
| GREAT LAKES DIVISION, INC., ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS
### OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

This cause is before the Court on the Motion to Dismiss or in the Alternative for Summary Judgment filed by the Defendant, American Cancer Society, Great Lakes Division, Inc. ("ACSGL") (dkt. no. 12). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion to dismiss for the reasons set forth below. In light of this ruling, the Court **DENIES AS MOOT** the Defendant's alternative motion for summary judgment.

### I. PRELIMINARY MATTERS

Plaintiff Kathryn Hansill's complaint identified the Defendant as American Cancer Society. Hansill and ACSGL agree, however, that the proper identity of the Defendant is American Cancer Society, Great Lakes Division, Inc.[1] Therefore, **the Court directs the Clerk to change the Defendant's name on the Court docket from American Cancer Society to American Cancer Society, Great Lakes Division, Inc.**

---

[1] ACSGL did not move to dismiss Hansill's complaint on this basis. Rather, ACSGL noted the discrepancy and moved to dismiss Hansill's complaint on other grounds.

## II.     STANDARD FOR MOTION TO DISMISS

ACSGL moves to dismiss Hansill's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim for which relief can be granted.  In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n,* 638 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

A plaintiff's brief may clarify lingering uncertainty about the allegations in her complaint. *Pegram v. Herdrich*, 530 U.S. 211, 230 (2000). The facts alleged in a plaintiff's brief may be considered so long as the brief's allegations are consistent with the complaint. *Flying J Inc. v. City of New Haven,* 549 F.3d 542, n.1 (7th Cir. 2008). Finding Hansill's allegations consistent with her complaint, the Court considers and accepts as true the additional facts alleged in Hansill's brief.

## III.     PLAINTIFF'S ALLEGATIONS

The facts as alleged in Hansill's complaint and in her response to the instant motion are as follow.

Hansill was an employee of ACSGL. In April 2010, Hansill's doctor, Stephen R. Beck, provided Hansill with a letter that stated: "[Hansill] may not be able to work a full day due to her medical condition. Please allow Mrs. Hansill to leave work early when needed due to this condition." Pl.'s Resp. at Exh. C. Thereafter, Hansill took a leave of absence from ACSGL. On June 17, 2010, while she was still on leave, ACSGL notified Hansill by letter that her position was eliminated and that her employment was terminated effective June 14, 2010. As a result, Hansill filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 8, 2011, alleging that she was discriminated and retaliated against by ACSGL because of her disability. After Hansill received her notice from the EEOC authorizing suit, Hansill initiated the present litigation. Hansill's complaint specifically alleges the following:

> I was discriminated against based on my health issues when my position was eliminated during my short term disability leave. Position was reposted for afterwards.
>
> . . .
>
> Had no employment concerns discussed prior to my leave.
>
> Position was reposted for after my leave.
>
> Asked for accommodation beginning on day 1 of my employment and was later denied accommodation resulting in my leave of absence.

Compl. at p. 2. Hansill's brief further indicates that she "could have been able to do [her] job with reasonable accommodation as originally requested by Dr. Beck," and that "[s]hort term disability was granted and received on the basis that reasonable accommodation would not be granted." Pl.'s Resp. at p. 2.

## IV.   DISCUSSION

Plaintiff Kathryn Hansill is proceeding pro se in this matter. Accordingly this court is required to liberally construe her complaint. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir.

3

2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quotation marks and citation omitted).

Hansill filed her complaint using this Court's form Employment Discrimination Complaint. Hansill's complaint purports to bring a claim under Title VII of the Civil Rights Act of 1964. However, the charge of discrimination Hansill filed with the EEOC indicated that her claims against ACSGL related to a disability. Additionally, the allegations in her complaint indicate that the alleged discrimination was based on her "health issues." Further, in response to the instant motion, Hansill clarified that she intended to file suit under the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), and checked the Title VII line in error. As such, to the extent that ACSGL's motion is directed at Hansill's failure to state a claim under Title VII, ACSGL's motion to dismiss is granted.

A complaint, however, "need not identify legal theories, and specifying an incorrect theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011). Accordingly, the Court will address Hansill's claims under the ADA.

Hansill's EEOC charge of discrimination alleges that she was discriminated against because of her disability.[2] The ADA prohibits employers from discriminating against disabled employees because of their disability. 42 U.S.C. § 12112(a).

> To establish disability discrimination, [a plaintiff] must show all three of the following elements: (1) that he is disabled within the meaning of the ADA, (2) that he is qualified to perform the essential functions of his job either with or without reasonable accommodation, and (3) that he suffered from an adverse employment action because of his disability.

---

[2]Hansill also checked the "retaliation" box on her EEOC charge of discrimination, however, nothing in her complaint suggests that she is alleging a retaliation claim.

*Kersting v. Wal-Mart Stores, Inc*., 250 F.3d 1109, 1115 (7th Cir. 2001). The Court finds that Hansill's complaint and her response to ACSGL's motion sufficiently allege the second and third elements of the cause of action. In this regard, Hansill alleges that she "could have been able to do [her] job with reasonable accommodation as originally requested by Dr. Beck." Pl.'s Resp. p. 2. Hansill's filings further indicate that she was terminated, and thus suffered an adverse employment action. *Id*.; Compl. at. p. 2. Hansill fails, however, to allege that she was disabled within the meaning of the ADA.

Under the ADA, the term disability is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)). Courts use the following three-step test to determine whether a physical or mental condition meets the ADA's definition of disability: (1) whether the claimed condition is a physical or mental impairment, (2) whether the impairment affects a major life activity, and (3) whether the impairment substantially limits the major life activity. *Sinkler v. Midwest Prop. Mgmt. Ld. P'ship*, 209 F.3d 678, 683 (7th Cir. 2000). A temporary condition does not qualify as a "disability" under the ADA. *See Vande Zanda v. State of Wis. Dept. of Admin*., 44 F.3d 538, 544 (7th Cir. 1995) ("Intermittent, episodic impairments are not disabilities, the standard example being a broken leg.").

In this case, while Hansill alleges in her complaint that she had "health issues," she alleges no facts from which the Court can determine that it is plausible that those health issues amount to a disability as defined by the ADA. Many health issues do not. Although Hansill is given every benefit of the doubt as a pro se litigant, she is still required to satisfy the notice

pleading requirement. She has not. Accordingly, Hansill's complaint fails to state a claim for discrimination under the ADA.

## V.     CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss is **GRANTED** and the Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir.2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted). In light of this ruling, the Court **DENIES AS MOOT** the Defendant's alternative motion for summary judgment. Therefore, the Court need not and does not address the arguments in Section II of the Defendant's brief in support of its motion for summary judgment.

For the benefit of Hansill, the Court will explain in lay terms what this ruling means. It does not mean that the Court finds that she does or does not have a valid claim against ACSGL. The Court expresses no opinion regarding the validity of Hansill's claims at this point. This Entry simply means that Hansill did not plead sufficient allegations to survive a motion to dismiss under Rule 12(b)(6).

**Hansill is given thirty days from the date of this Entry to file an amended complaint, provided that she can do so appropriately and within the dictates of Rule 11's boundaries.** If Hansill fails to file an amended complaint within the required time frame or fails to move with good cause for an enlargement of time within which to file an amended complaint, this case will be dismissed with prejudice without further notice. In addition, if Hansill files an amended

complaint that does not address the deficiencies of her first complaint, the amended complaint will be subject to dismissal with prejudice.

 SO ORDERED: 01/24/2013

              _____
              Hon. William T. Lawrence, Judge
              United States District Court
              Southern District of Indiana

**Copy by US Mail to:**

 **Kathryn Hansill**
 **9845 Big Bend Drive**
 **Indianapolis, IN  46234**

Copies to all counsel of record via electronic communication.